Mia Farber (SBN 131467)
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California  90017-5408
Telephone:  (213) 689-0404
Facsimile:  (213) 689-0430
farberm@jacksonlewis.com

Guillermo A. Escobedo (SBN 206198)
Kristen N. Silverman-Hunter (SBN 279842)
JACKSON LEWIS P.C.
225 Broadway, Suite 2000
San Diego, CA  92101
Telephone:  (619) 573-4900
Facsimile:  (619) 573-4901
Guillermo.escobedo@jacksonlewis.com
Kristen.silverman-hunter@jacksonlewis.com

Attorneys for Defendant
DUNBAR ARMORED, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SOLIS, on behalf of himself and all others similarly situated, and on behalf of the general public,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>DUNBAR ARMORED, INC.; and DOES 1-100,<br><br>　　　　Defendants. | Case No.:  **'17CV2193 DMS JLB**<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT BY DEFENDANT DUNBAR ARMORED, INC.**<br><br>[28 U.S.C. §§ 1332; 1441(a) and 1446]<br><br>[*Filed concurrently with Declarations of Guillermo A. Escobedo and Jeffrey Lewin and Exhibits; Notice of Interested Parties; Notice of Filing Answer in State Court; and Civil Case Cover Sheet*]<br><br>Complaint filed:    July 31, 2017 |

1

NOTICE OF REMOVAL OF CIVIL ACTION
CASE NO. _____

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT, under 28 U.S.C. §§ 1332(a), 1441(a)(b) and 1446, Defendant Dunbar Armored, Inc. ("Defendant" or "Dunbar"), hereby removes to the District Court the above-entitled action from the Superior Court of the State of California in and for the County of San Diego (the "Superior Court") as described below.

## I.    PLEADINGS, PROCESS AND ORDERS

1.    On July 31, 2017, Plaintiff Robert Solis ("Plaintiff" or "Solis") filed a Complaint in the Superior Court of California in and for the County of San Diego, on behalf of himself and all others similarly aggrieved, titled *Robert Solis, et al. v. Dunbar Armored Inc., et al.*, Case No. 31-2017-00028098-CU-OE-CTL, against Defendant alleging the following causes of action: (1) Violation of the Private Attorney General Act of 2004 ("PAGA") for Failure to Pay Straight, Regular Rate Wages for All Work Performed (Labor Code § 2698, et. seq.); (2) Violation of the PAGA for Failure to Pay all Overtime Wages (Labor Code § 510); (3) Violation of PAGA for Failure to Provide Meal Periods (California Labor Code § 2698, et. seq.); (4) Violation of PAGA for Failure to Provide Rest Periods (California Labor Code § 2698, et. seq.); (5) Violation of PAGA for Failure to Pay Wages Due at Termination and During Employment (California Labor Code § 2698, et. seq.); (6) Violation of PAGA for Knowing and Intentional Failure to Comply with Itemized Employee Wage Statements (California Labor Code § 2698, et. seq.); and (7) Violation of PAGA for Failure to Reimburse Expenses in Discharging Duties (California Labor Code § 2698, et. seq.). In the body of his Complaint and Prayer for Relief, Plaintiff seeks PAGA penalties for each of his seven causes of actions based on underlying Labor Code violations; namely, unpaid wages and penalties under Labor Code section 558 for failing to pay regular wages and overtime wage, failing to provide meal periods and rest periods, failing to provide accurate itemized wage statements, and failing to pay wages at separation; and attorneys' fees and costs. A true and correct copy

of Plaintiff's Complaint is attached to the Declaration of Guillermo A. Escobedo ("Escobedo Decl.") as **Exhibit "A."**

2. On September 27, 2017, Plaintiff served Dunbar's Process Server with the Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment and Case Management on Mandatory eFile Case, and ADR Packet. True and correct copies of the Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment and Case Management on Mandatory eFile Case, and Alternative Dispute Resolution ("ADR") Information Packet served on Dunbar's Process Server are attached to the Escobedo Decl. as **Exhibit "B,"** ¶ 3.

3. On October 18, 2017, Plaintiff filed a First Amended Complaint, entitled Plaintiff Robert Solis' First Amended PAGA Action Complaint ("FAC"). The FAC alleges the identical causes of action as in the original Complaint, and seeks the same damages and penalties as in the body of the original Complaint, including those set forth in the Prayer for Relief. As of the date of this filing, the FAC has not been served on Defendant. A true and correct copy of the FAC is attached to the Escobedo Decl. as **Exhibit "C,"** ¶ 4.

4. On October 26, 2017, Dunbar filed its Answer to the FAC. A true and correct copy of the Answer is attached to the Escobedo Decl. as **Exhibit "D**,**"** ¶5. Exhibits "A" – "D" constitute all of the pleadings that have been filed in this action as of the date of the filing of this Notice of Removal.

## II. THE REMOVAL IS TIMELY

5. This Notice of Removal has been filed within thirty (30) days of service of process of Plaintiff's Complaint on September 27, 2017. No previous Notice of Removal has been filed or made with this Court for the relief sought. Therefore, this Notice of Removal is filed within the time period provided by 28 U.S.C. § 1446(b) because it is being filed within the statutory deadline.

6. Moreover, in accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies a copy of this Notice of Removal and all supporting pleadings will be promptly

served on Plaintiff's counsel and filed with the Clerk of the San Diego Superior Court, Hall of Justice. Therefore, all procedural requirements under 28 U.S.C. § 1446 will be satisfied.

### III. STATEMENT OF JURISDICTION

7. The District Court has original jurisdiction under Section 1332(a)(1), and this case may be removed pursuant to Section 1441, because it is a civil action between "citizens of different States" wherein the amount placed in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

### IV. DIVERSITY JURISDICTION PURSUANT TO SECTION 1332(a)

8. This case meets the requirements of Section 1332(a) and may be removed to federal court pursuant to Section 1441 because it is a civil action: (1) "between citizens of different States"; (2) wherein the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(a), 1441.

9. Diversity jurisdiction exists where there is diversity of citizenship between the parties at the time the lawsuit is filed. *See Grupo Dataflux v. Atlas Global Group*, 541 U.S. 567, 571 (2004).

10. For diversity purposes, a corporation is a citizen of the state in which it is incorporated and the state that constitutes its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is the state in which its "high level officers direct, control and coordinate the corporation's activities." *Hertz v. Friend*, 130 S. Ct. 1181, 1186 (2010). The Supreme Court also held that the place of citizenship "should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination." *Id*.

11. Dunbar is, and was at the time of the institution of this civil action, and at all times intervening, a corporation incorporated under the laws of the State of Maryland, with its principal place of business (where its executive and administrative functions are performed) in the State of Maryland. *See* Declaration of Jeffrey Lewin ("Lewin Decl."),

¶ 4. Dunbar is therefore a citizen of the State of Maryland for the purposes of determining diversity. 28 U.S.C. § 1332(c)(1). Dunbar's Maryland headquarters is where the majority of its executive and administrative functions are and have been performed. Lewin Decl., ¶ 4. Dunbar's primary corporate officers work and have worked out of the State of Maryland headquarters, and its corporate activities have been directed, controlled, and coordinated from there. *Id*.

12. For the foregoing reasons, Dunbar's principal place of business and its citizenship is the State of Maryland for diversity purposes.

13. Dunbar is informed and believes—and Plaintiff alleges—that Plaintiff is now, and since this action was filed on July 31, 2017 has been a citizen of the State of California. *See* FAC, ¶ 5; Lewin Decl. ¶ 7.

14. The presence of Doe defendants has no bearing on the diversity with respect to removal. 28 U.S.C. § 1441(a) ("For purposes of removal under this Chapter, the citizenship of Defendant used under a fictitious name shall be disregarded.").

15. Defendant is informed and believes, and on that basis asserts, that no other defendant in this action has been properly joined and served as provided in Section 1441(b)(2). Escobedo Decl., ¶ 6.

16. Based on the foregoing, this action is one between "citizens of different States" in accordance with Section 1332(a).

V. **AMOUNT IN CONTROVERSY PURSUANT TO SECTION 1332(a)**

17. In cases in which the existence of diversity jurisdiction depends on the amount in controversy, "the district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).Without admitting Solis could recover any damages, including civil or statutory penalties, Dunbar asserts that the amount in controversy in this action could exceed $75,000, exclusive of interest and costs, just based on Plaintiff's alleged *individual* claims for damages and penalties.

///

18. When the allegations in a complaint do not establish the amount in controversy, a removing defendant can do so by "provid[ing] evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" the jurisdictional minimum. *Id.*; *see also Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (2013) ("A defendant seeking removal . . . must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum" in any case in which "the plaintiff does not plead a specific amount in controversy."); *Steele v. Grainger, Inc.*, 2013 U.S. Dist. LEXIS 81381, at *14 (S.D. Cal. June 10, 2013) (noting that "a plaintiff cannot . . . lower the amount of monetary relief requested in an attempt to evade federal jurisdiction").

19. In determining the amount in controversy, courts "must assume that the allegations of the complaint are true and that a jury [will] return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).[1] The ultimate inquiry is what amount is placed "in controversy" by the Complaint and not the amount that a defendant would owe if the plaintiff prevails. *Lewis v. Verizon Comm'ns, Inc.*, 627 F.3d 395, 401 (2010); *see also Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) ("It's not a question as to what you would owe.  It's a question as to what is in controversy."). The "amount in controversy is simply an estimate of the total amount in dispute." *Lewis*, 627 F.3d at 400; *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014) ("A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

---

[1] By demonstrating the basis for the District Court's original jurisdiction under the diversity statute, Defendant in no way concedes that Plaintiff's claims are valid or that he is entitled to recover anything from Defendant.

1    20.    As set forth above, Solis seeks PAGA penalties[2] for Dunbar's alleged (1) failure to pay straight, regular rate ages for all work performed; (2) failure to pay all overtime wages; (3) failure to provide meal periods; (4) failure to provide rest periods; (5) failure to pay wages due at termination and during employment; (6) failure to comply with itemized wage statements; and (7) failure to reimburse expenses in discharging duties. In the body of his FAC and Prayer for Relief, Plaintiff seeks PAGA penalties for each of his seven causes of actions based on underlying Labor Code violations; unpaid wages and penalties under Labor Code section 558 for failing to pay regular wages and overtime wage, failing to provide meal periods and rest periods, failing to provide accurate itemized wage statements, and failing to pay wages at separation;[3] and attorneys' fees and costs. *See* FAC.

21.    Although the FAC does not specify the dollar amount of damages being sought, it is apparent that the amount in controversy is in excess of the $75,000 jurisdictional requirement just based on Plaintiff's *individual* claims for damages and penalties. *See Urbino v. Orkin Services of California, Inc.*, 726 F.3d 118 (9th Cir. 2013) (PAGA penalties attributable to the plaintiff's individual claims may be considered when determining amount in controversy). Indeed, in addition to PAGA penalties, Plaintiff seeks unpaid wages pursuant to Labor Code section 558 which constitute statutory damages, not civil penalties. *Esparza v. KS Industries, L.P.*, 13 Cal.App.5th 1288 (2017)

---

[2] PAGA allows an aggrieved employee to file a lawsuit to recover, in addition to any underlying claims, civil penalties for violations of any section of the Labor Code that provides for the assessment and collection of civil penalties by the Labor and Workforce Development Agency ("LWDA"). Under the Act, the aggrieved employee may file a civil action on behalf of himself and other current or former employees to recover the civil penalty provided for by various Labor Code sections. For those Labor Code provisions that do not contain a civil penalty, PAGA enables the aggrieved employee to recover $100 per employee per pay period for each initial violation and $200 per employee per pay period for each subsequent violation for a period of one year preceding the filing of a lawsuit. Lab. Code § 2699(f)(2).

[3] Labor Code section 558 allows for the collection of a penalty of $50 per pay period for each initial violation of various Labor Code sections and $100 per pay period for each subsequent violation for a period of at least one year preceding the filing of a lawsuit.

(The court determined that because recovery on an employee's claims for unpaid wages would be paid entirely to the employee pursuant to Labor Code section 558(a)(3), the employee's claims were not for civil penalties within the meaning of PAGA.). Without admitting Solis could recover any damages, and/or that his requested civil or statutory penalties are appropriately alleged, the following is a summary of Plaintiff's alleged *individual* recoverable penalties and damages, exclusive of any potential PAGA class recovery.

a. **Plaintiff's Individual PAGA Penalties for Failure to Pay Regular Wages:** Dunbar pays employees on a weekly basis, which means there are 52 pay periods per year. *See* Lewin Decl., ¶ 6. Assuming Dunbar failed to pay Plaintiff regular wages each week during the one-year statute of limitation period, Dunbar's potential liability on Solis' individual PAGA penalties for unpaid regular wages is $10,300.[4]

b. **Plaintiff's Section 558 Damages for Failure to Pay Regular Wages:** Dunbar pays employees on a weekly basis, which means there are 52 pay periods per year. *See* Lewin Decl., ¶ 6. Assuming Dunbar failed to pay Plaintiff regular wages each week during the one-year statute of limitation period, Dunbar's potential liability on Solis' individual Section 558 damages for failure to pay regular wages is $5,200.[5]

c. **Plaintiff's Individual PAGA Penalties for Failure to Pay Overtime Wages:** Dunbar pays employees on a weekly basis, which means there are 52 pay periods per year. *See* Lewin Decl., ¶ 6. Assuming Dunbar failed to pay Plaintiff overtime wages each week during a one-year statute of limitation period, Dunbar's

---

[4] $100 for first violation + ($200 for subsequent violations x 51 remaining pay periods) = $10,300.

[5] $50 for first violation + ($100 for subsequent violations x 51 remaining pay periods) = $5,200.

potential liability on Solis' individual PAGA penalties for unpaid overtime wages is $10,300.[6]

d.  **Plaintiff's Section 558 Damages for Failure to Pay Overtime Wages:** Dunbar pays employees on a weekly basis, which means there are 52 pay periods per year. *See* Lewin Decl., ¶ 6. Assuming Dunbar failed to pay Plaintiff regular wages each week during the one-year statute of limitation period, Dunbar's potential liability on Solis' individual Section 558 damages for failure to pay overtime is $5,200.[7]

e.  **Plaintiff's Individual PAGA Penalties for Unpaid Meal Periods:** Dunbar pays employees on a weekly basis, which means there are 52 pay periods per year. *See* Lewin Decl., ¶ 6. Assuming Plaintiff missed a meal period at least once per week during a one-year statute of limitation period, Dunbar's potential liability on Solis' individual PAGA penalties for unpaid meal periods is $10,300.[8]

f.  **Plaintiff's Section 558 Damages for Unpaid Meal Periods:** Dunbar pays employees on a weekly basis, which means there are 52 pay periods per year. *See* Lewin Decl., ¶ 6. Assuming Plaintiff missed a meal period at least once per week during a one-year statute of limitation period, Dunbar's potential liability on Solis' individual Section 558 damages for unpaid meal periods is $5,200.[9]

g.  **Plaintiff's Individual PAGA Penalties for Unpaid Rest Periods:** Dunbar pays employees on a weekly basis, which means there are 52 pay periods per year. *See* Lewin Decl., ¶ 6. Assuming Plaintiff missed a rest period at least once per

---

[6] $100 for first violation + ($200 for subsequent violations x 51 remaining pay periods) = $10,300.
[7] $50 for first violation + ($100 for subsequent violations x 51 remaining pay periods) = $5,200.
[8] $100 for first violation + ($200 for subsequent violations x 51 remaining pay periods) = $10,300.
[9] $50 for first violation + ($100 for subsequent violations x 51 remaining pay periods) = $5,200.

week during a one-year statute of limitation period, Dunbar's potential liability on Solis' individual PAGA penalties for unpaid rest periods is $10,300.[10]

h.   **Plaintiff's Section 558 Damages for Unpaid Rest Periods:** Dunbar pays employees on a weekly basis, which means there are 52 pay periods per year. *See* Lewin Decl., ¶ 6. Assuming Plaintiff missed a rest period at least once per week during a one-year statute of limitation period, Dunbar's potential liability on Solis' individual Section 558 damages for unpaid rest periods is $5,200.[11]

i.   **Plaintiff's Individual PAGA Penalties for Wages at Separation:** Assuming Plaintiff was not paid all wages at termination, Dunbar's potential liability on Solis' individual PAGA penalties is $100.

j.   **Plaintiff's Section 558 Damages for Wages at Separation:** Assuming Plaintiff was not paid all wages at termination, Dunbar's potential liability on Solis' individual Section 558 damages is $50.

k.   **Plaintiff's Individual PAGA Penalties for Failure to Provide Accurate Itemized Wage Statements:** Dunbar pays employees on a weekly basis, which means there are 52 pay periods per year. *See* Lewin Decl., ¶ 6. Assuming Dunbar failed to provide Plaintiff with an accurate itemized wage statement each week during a one-year statute of limitation period, Dunbar's potential liability on Solis' individual PAGA penalties for failure to provide accurate itemized wage statements is $10,300.[12]

l.   **Plaintiff's Section 558 Damages for Failure to Provide Accurate Itemized Wage Statements:** Dunbar pays employees on a weekly basis, which means there are 52 pay periods per year. *See* Lewin Decl., ¶ 6. Assuming Dunbar

---

[10] $100 for first violation + ($200 for subsequent violations x 51 remaining pay periods) = $10,300.

[11] $50 for first violation + ($100 for subsequent violations x 51 remaining pay periods) = $5,200.

[12] $100 for first violation + ($200 for subsequent violations x 51 remaining pay periods) = $10,300.

failed to provide Plaintiff with an accurate itemized wage statement each week during a one-year statute of limitation period, Dunbar's potential liability on Solis' individual Section 558 damages for failure to provide accurate itemized wage statements is $5,200.[13]

    m.    **Plaintiff's Individual PAGA Penalties for Failure to Reimburse:** Dunbar pays employees on a weekly basis, which means there are 52 pay periods per year. *See* Lewin Decl., ¶ 6. Assuming Dunbar failed to reimburse Plaintiff each week during a one-year statute of limitation period, Dunbar's potential liability on Solis' individual PAGA penalties for failure reimburse is $10,300.[14] Escobedo Decl., ¶ 7(a)-(m).

    22.    Accordingly, Solis' *individual* potential PAGA penalties and Section 558 damages alone satisfy the jurisdictional prerequisite for the amount in controversy as they equal at least ***$87,950***. Escobedo Decl., ¶ 8.

    23.    The amount in controversy may also include general and special compensatory damages and attorney's fees which are recoverable by statute. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998); *see also*, *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982), *cert. denied*, 459 U.S. 945 (1982) (attorney's fees may be taken into account to determine jurisdictional amount). The court may examine the nature of the action and the relief sought, and take judicial notice of attorney's fee awards in similar cases. *See e.g.*, *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (attorneys' fees in individual employment discrimination cases often exceed damages). Indeed, cases in the Ninth Circuit firmly establish that statutory attorneys' fees will be included as a basis for determining the jurisdictional amount in controversy. *See Galt G/S*, 142 F.3d at 1155-56. Furthermore, such fees are calculable beyond the time of removal. *See Simmons*, 209 F.Supp.2d at

---

[13] $50 for first violation + ($100 for subsequent violations x 51 remaining pay periods) = $5,200.

[14] $100 for first violation + ($200 for subsequent violations x 51 remaining pay periods) = $10,300.

11

NOTICE OF REMOVAL OF CIVIL ACTION
CASE NO. _____

1035. Here, Plaintiff's attorney's fees are recoverable under the California Labor Code. Cal. Lab. Code §§ 218.5 and 2699(g).

24. Ultimately, Plaintiff's claims and Prayer for Relief demonstrate that Plaintiff seeks damages and penalties in excess of $75,000, the jurisdictional requirement of this Court, as Plaintiff seeks to recover, as an *individual*, damages and penalties which total **$87,950**. Moreover, Plaintiff seeks to recover attorneys' fees, which alone will exceed $75,000 through trial, as well as Plaintiff's underlying claims for unpaid wages.

## VI. VENUE IS PROPER

25. Venue of this action lies in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1441, *et seq.* and 1391(a) because this is the judicial district of this court in which Solis alleges the action arose and where, based on information and belief—and Solis' allegations—Solis resides. *See* FAC, ¶ 5. This action was initially filed in the Superior Court in San Diego, which sits within the Southern Judicial District of California. 28 U.S.C. §§ 84(d) ("The Southern District comprises the counties of Imperial and San Diego. Court for the Southern District shall be held at San Diego.").

26. Thus, for purposes of Removal, venue properly lies in this District Court. *See* 28 U.S.C. § 1446(a).

27. WHEREFORE, Dunbar respectfully requests that this action be removed from the Superior Court of the State of California in and for the County of San Diego to the District Court for the Southern District of California, and that all future proceedings in this matter take place in the United States District Court for the Southern District of California.

DATED: October 26, 2017          JACKSON LEWIS P.C.

By: *s/ Guillermo A. Escobedo*
Mia Farber
Guillermo A. Escobedo
Kristen N. Silverman-Hunter
Attorneys for Defendant
DUNBAR ARMORED, INC.

4847-9338-4273, v. 2

12

NOTICE OF REMOVAL OF CIVIL ACTION
CASE NO. _____

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ROBERT SOLIS, on behalf of himself and all others similarly situated, and on behalf of the general public

## DEFENDANTS
DUNBAR ARMORED, INC.; and DOES 1-100

**(b)** County of Residence of First Listed Plaintiff: San Diego
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
William Turley; David Mara; Jamie Serb; Tony Roberts
THE TURLEY & MARA LAW FIRM, APLC
7428 Trade Street; San Diego, CA 92121; Ph: 619.234.2833

Attorneys *(If Known)* Mia Farber; JACKSON LEWIS P.C.; 725 S. Figueroa St., Ste. 2500; Los Angeles, CA 90017; Ph: 213-689-0404
Kristen N. Silverman-Hunter; Guillermo A. Escobedo; JACKSON LEWIS; 225 Broadway #2000; San Diego, CA 92101; 619-573-4900

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | **PERSONAL INJURY** |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability |  | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | **LABOR** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise |  | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act **SOCIAL SECURITY** | ☐ 890 Other Statutory Actions |
|  |  |  | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
|  |  |  | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
|  |  |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 895 Freedom of Information Act |
|  |  |  | ☐ 864 SSID Title XVI | ☐ 751 Family and Medical Leave Act |
|  |  |  | ☐ 865 RSI (405(g)) |  |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |  | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence |  | ☐ 871 IRS—Third Party 26 USC 7609 |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General |  | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application |  |
|  | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  |
|  |  | ☐ 550 Civil Rights |  |  |
|  |  | ☐ 555 Prison Condition |  |  |
|  |  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
20 U.S.C. Sections 1332(a) and 1441(a)(b); Diversity of Citizenship
Brief description of cause:
Alleged violations of California Labor Code

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE: 10/26/2017
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____