# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

ROBERT SOLIS, on behalf of himself and all others similarly situated, and on behalf of the general public,

   Plaintiff,

 v.

DUNBAR ARMORED, INC. and DOES 1-100,

   Defendants.

Case No. 17-cv-2193 DMS (JLB)

**ORDER DENYING MOTION TO REMAND**

Pending before the Court is Plaintiff Robert Solis's motion to remand. Defendant Dunbar Armored, Inc. filed an opposition, and Plaintiff filed a reply. For the reasons set forth below, the Court denies the motion.

## I.
## BACKGROUND

On October 18, 2017, Plaintiff filed a Complaint in Superior Court of California, County of San Diego pursuant to California's Private Attorneys General Act ("PAGA"), Cal. Labor Code § 2698 *et seq*., to recover civil penalties based on Defendant's alleged wage-and-hour violations. On October 26, 2017, Defendant removed the action to this Court based on federal diversity jurisdiction pursuant to

28 U.S.C. § 1332. Defendant claims there is complete diversity between the parties because Plaintiff is a citizen of California, and Defendant is a citizen of Maryland. Defendant contends the amount in controversy is satisfied by the potential recovery of attorneys' fees and civil penalties recoverable under PAGA. Plaintiff sole challenge is that the Court lacks subject matter jurisdiction because of the absence of complete diversity. Plaintiff seeks an order remanding the case to state court.

## II.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action from state court to federal court only if the district court could have original jurisdiction over the matter. 28 U.S.C. § 1441(a). If, at any time before the entry of final judgment, it appears that the district court lacks subject matter jurisdiction over a case removed from state court, the court must remand the action. *See* 28 U.S.C. § 1447(c); *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, … the district court must remand if it lacks jurisdiction.").

Under 28 U.S.C. § 1441, a defendant may remove an action from state court to federal court on the basis of diversity jurisdiction if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Where removal is based on diversity, there must be "complete diversity" between the parties and the amount in controversy requirement of $75,000 must be met. 28 U.S.C. § 1332(a). The Ninth Circuit has directed courts to "strictly construe the removal statute against removal jurisdiction," so that any doubt as to the right of removal is resolved in favor of remanding the case to state court." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party asserting diversity

jurisdiction bears the burden of proof. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988); *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986).

## III.

## DISCUSSION

Plaintiff argues the Court should remand the present action because complete diversity between the parties does not exist. Plaintiff contends Defendant cannot rely on Plaintiff's citizenship to establish diversity because he is a nominal party and the State of California is the real party in interest. Specifically, Plaintiff argues complete diversity is lacking because it is improper to consider the citizenship of a nominal PAGA plaintiff like Mr. Solis when the real party in interest in a PAGA action is the State of California.[1] In support Plaintiff relies on *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1122–23 (9th Cir. 2013) (quoting *Navarro Sav. Ass'n v. Lee,* 466 U.S. 458, 461 (1980)), for the proposition that diversity jurisdiction can be based only on the citizenship of "'real parties to the controversy[,]'" and *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1123 (9th Cir. 2014), for the proposition that the named plaintiff in a PAGA action—who steps in the shoes of the State of California as a deputized attorney general—is a nominal party. (*See* Mem. of P. & A. in Supp. of Mot. at 3, 5.)

*Urbino* and *Baumann*, however, do not stand for the proposition that in PAGA actions, California is a "real party to the controversy" whose presence destroys diversity. Although the Ninth Circuit stated in dicta in *Urbino* that "[t]he state, as the real party in interest, is not a 'citizen' for diversity purposes," this statement occurred in the context of a discussion about whether the portion of individual PAGA penalties which inure to the state could be aggregated and counted towards the amount in controversy requirement for purposes of conferring diversity jurisdiction. *See Urbino*, 726 F. 3d at 1122–1123. Similarly, in *Baumann*, the Ninth

---

[1] Diversity jurisdiction is absent if a state is the actual party to the controversy because a state is not a "citizen" under 28 U.S.C. § 1332.

Circuit addressed whether federal courts had jurisdiction over PAGA claims under the Class Action Fairness Act ("CAFA") and explained "[b]ecause an identical suit brought by the state agency itself would plainly not qualify as a CAFA class action, no different result should obtain when a private attorney general is the nominal plaintiff." *Baumann*, 747 F.3d at 1123. Plaintiff's reliance on *Urbino* and *Baumann* is misplaced because neither case holds that in PAGA actions the state is always an actual party or that a representative plaintiff is always a nominal party, thereby precluding diversity jurisdiction.

District courts in California have routinely rejected similar arguments to those raised by Plaintiff here. *See*, *e.g.*, *Olson v. Michaels Stores, Inc.*, No. CV1703403ABGJSX, 2017 WL 3317811, at *3 (C.D. Cal. Aug. 2, 2017) (stating "district courts in California routinely exercise jurisdiction over PAGA claims when complete diversity exists between the PAGA plaintiff and the defendant"); *Gunther v. Int'l Bus. Mach. Corp.*, 2016 WL 3769335, at *3 (C.D. Cal. July 14, 2016); *Chavez v. Time Warner Cable LLC*, No. CV 12-5291-RGK (RZX), 2016 WL 1588096, at *3 (C.D. Cal. Apr. 20, 2016); *Lopez v. Ace Cash Express, Inc.*, 2015 WL 1383535, at *2 n.2 (C.D. Cal. Mar. 24, 2015); *Thomas v. Aetna Health of Cal., Inc.*, No. 1:10-cv-01906-AWI-SKO, 2011 WL 2173715, at *8 (E.D. Cal. June 2, 2011). The Court finds the reasoning of these courts persuasive.

Notably, the Ninth Circuit has stated "[a]lthough California may be a real party in interest to a PAGA action, this does not convert California into an actual party to all PAGA litigation." *Archila v. KFC U.S. Properties, Inc.*, 420 F. App'x 667, 668 (9th Cir. 2011). This is because when the state, "a real party in interest has declined to bring the action or intervene, there is no basis for deeming it a 'party'...." *United States ex rel. Eisenstein v. City of N.Y.*, 556 U.S. 928, 935 (2009).

Here, based on the allegations of the Complaint, there is complete diversity between Plaintiff and Defendant. Plaintiff is a citizen of California, and Defendant is a citizen of Maryland. Because complete diversity exists between the parties,

Plaintiff's motion is denied.  Plaintiff's request to recover fees associated with filing this motion is also denied.

## IV.
## CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's motion to remand.

**IT IS SO ORDERED.**

Dated: January 2, 2018

Hon. Dana M. Sabraw
United States District Judge